# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUG WELDON,<br><br>Plaintiff<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant | CASE NO. 1:19-CV-1479 AWI SKO<br><br>ORDER VACATING HEARING, ORDER TERMINATING PARTY, AND ORDER ON DEFENDANT'S RULE 12(b)(1) MOTION TO DISMISS<br><br>(Doc. Nos. 4, 6) |

This is a dispute involving allegations of mail tampering between pro se Plaintiff Doug Weldon and Defendant the United States of America.[1] The matter was removed from the Fresno County Superior Court small claims division on October 17, 2019. Currently before the Court is a Rule 12(b)(1) motion to dismiss. Hearing on this motion is currently set for December 9, 2019, at 1:30 p.m. Plaintiff has not filed an opposition to the motion. After review, the Court has determined that the motion is suitable for decision without oral argument. See Local Rule 230(g). The Court will vacate the December 9, 2019, hearing and issue this order, which resolves the pending Rule 12(b)(1) motion to dismiss.

## **BACKGROUND**

From the Complaint, between December 2018 and July 2019, Weldon claims that Postal Service worker Margarito Ponche tampered with his mail and an unknown evidence in violation of

---

[1] Weldon initially named Margarito Ponche, an employee of the United States Postal Service, as the sole defendant. However, on October 17, 2019, the United States filed a Certificate of Scope of Employment that certified that Ponche was acting within the scope of his employment with the Postal Service at the time of the alleged incident in Weldon's complaint. By operation of law, the United States was substituted as the sole defendant in place of Ponche when the Certificate of Scope of Employment was filed. 28 U.S.C. § 2679(d)(1); Saleh v. Bush, 848 F.3d 880, 888 (9th Cir. 2017). However, the docket still that Ponche is a defendant. The Court will order that the docket be corrected to reflect that the Ponche was terminated from this matter.

18 U.S.C. §§ 1700, 1701, 1702, 1703, 1709, and 1710. Further, Ponche failed to deliver Weldon's "monetary mail" and "evidence." Weldon sought $169.86 in damages.

## **LEGAL FRAMWORK**

Federal Rules of Civil Procedure 12(b)(1)allows for a motion to dismiss based on lack of subject matter jurisdiction. See Fed. R. Civ. Pro. 12(b)(1). It is a fundamental precept that federal courts are courts of limited jurisdiction. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978); K2 Am. Corp. v. Roland Oil & Gas, 653 F.3d 1024, 1027 (9th Cir. 2011). Limits upon federal jurisdiction must not be disregarded or evaded. Owen Equip., 437 U.S. 365, 374 (1978); Jones v. Giles, 741 F.2d 245, 248 (9th Cir. 1984). "It is presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); K2 Am., 653 F.3d at 1027. Rule 12(b)(1) motions may be either facial, where the inquiry is confined to the allegations in the complaint, or factual, where the court is permitted to look beyond the complaint to extrinsic evidence. See Leite v. Crane Co., 749 F.3d 1117, 1121 (9th Cir. 2014); Safe Air For Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). When a defendant challenges jurisdiction "facially," all material allegations in the complaint are assumed true, and the court determines whether the factual allegations are sufficient to invoke the court's subject matter jurisdiction. See Leite, 392 F.3d at 362; Meyer, 373 F.3d at 1039. When a defendant makes a factual challenge "by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." Meyer, 373 F.3d at 1039; see Leite, 749 F.3d at 1121. The court need not presume the truthfulness of the plaintiff's allegations under a factual attack. Wood v. City of San Diego, 678 F.3d 1075, 1083 n.2 (9th Cir. 2011). The plaintiff must show by a preponderance of the evidence each requirement for subject-matter jurisdiction, and as long as the dispute is not intertwined an element of the plaintiff's cause of action, the court may resolve any factual disputes itself. Leite, 749 F.3d at 1121.

# **DEFENDANT'S MOTION**

*Defendant' Argument*

The United States argues *inter alia* it has sovereign immunity. Although the Federal Tort Claims Act waives sovereign immunity over certain claims, that act does not apply to claims involving a miscarriage or negligent transmission of letters or postal matters. Because Weldon's claims relate to non-delivery of his mail, sovereign immunity applies and deprives the court of jurisdiction.

*Plaintiff's Opposition*

Plaintiff has filed no opposition.

*Discussion*

The United States Postal Service ("USPS") is an "independent establishment of the executive branch of the Government of the United States." MB Fin. Group, Inc. v. United States Postal Service, 545 F.3d 814, 816 (9th Cir. 2008). Accordingly, a suit against the USPS is a suit against the United States. Anderson v. United States Postal Service, 761 F.2d 527, 528 (9th Cir. 1985). As a result, the USPS "enjoys sovereign immunity absent a waiver." MB Fin. Group, 545 F.3d at 816; see also Anderson, 761 F.2d at 528. Although the USPS has the power to sue and be sued in its own name, and the waiver provisions of the Federal Tort Claims Act generally apply to the USPS, there is an important qualification. See MB Fin. Group, 545 F.3d at 816. The Federal Tort Claims Act excepts thirteen categories of claims from its broad waiver of sovereign immunity. See 28 U.S.C. § 2680; MB Fin. Group, 545 F.3d at 816. One of the categories that retains sovereign immunity to "any claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b); MB Fin. Group, 545 F.3d at 816; Anderson, 761 F.2d at 528. Courts have no jurisdiction over claims falling under § 2680(b). See Anderson, 761 F.2d at 528.

Here, the United States characterizes the Complaint as involving claims that arise out of the negligent delivery or non-delivery of mail. Weldon's Complaint is on a pre-printed form and the allegations are sparse. Nevertheless, this reading of the Complaint is reasonable. In the absence of an opposition, the Court agrees with the United States that Weldon is complaining

about the non-delivery, miscarriage, or negligent delivery of his mail.  Thus, Weldon's claims fit squarely within § 2680(b)'s retention of sovereign immunity.  See 28 U.S.C. § 2680(b); Anderson, 761 F.2d at 528.  Because sovereign immunity applies, the Court lacks subject matter jurisdiction and must dismiss this lawsuit.  See DaVinci Aircraft, Inc. v. United States, 926 F.3d 1117, 1127 (9th Cir. 2019); Vacek v. United States Postal Service, 447 F.3d 1248, 1250 (9t h Cir. 2006); Anderson, 761 F.2d at 528.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The December 9, 2019, hearing date is VACATED;
2. The Clerk shall TERMINATE Defendant Margarito Ponche as a party to this matter, pursuant to 28 U.S.C. § 2679(d)(1);
3. Defendant's Rule 12(b)(1) motion to dismiss (Doc. Nos. 4, 6) is GRANTED;
4. Plaintiff's Complaint is DISMISSED without leave to amend for lack of subject matter jurisdiction; and
5. The Clerk shall CLOSE this case.

IT IS SO ORDERED.

Dated:   December 3, 2019              _____
                                         SENIOR DISTRICT JUDGE